T. L. WILLIAMSON V. THE STATE.

No. 22574. Delivered June 16, 1943.

The opinion states the case.

*Alvin R. Allison,* of Levelland, and *J. C. Russell,* of Sinton, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant is convicted for deserting and failing to support his minor children, punishment a fine of $25.00.

There is no complaint of the court's instructions to the jury and no exceptions to any proceeding during the trial. The sole question is appellant's contention that the evidence fails to show any wilful failure on his part to support the children.

Appellant and his wife were divorced in 1938 and the custody of the three children was awarded to the mother during the nine months school term, and to appellant during the three months school vacation period, and appellant was directed to pay $40.00 per month for the support of his children. Mrs. Williamson married Mr. Arnold in March, 1940. At this time and for a considerable period prior thereto the children had been with appellant. In April following the mother and Mr. Arnold went to appellant's house to get the children, who were then in school. The evidence is in dispute as to what occurred on this occasion. Mrs. Arnold's version of it was to the effect that appellant wanted to know if the reason they had come for the children was because they expected him to pay the $40.00 per month for the support of the children, and that they were mistaken if they thought he was going to do it. Mrs. Arnold asserts that she told appellant that was not the reason she was taking the children, but because she wanted them. Appellant's version of the incident was to the effect that he informed Mr. and Mrs. Arnold that he wished they would not take the children until the school term was out, but offered to let them take a piano he had bought for the children; that this offer was re-

fused; that he also inquired if they wanted appellant to contribute to the support of the children, and was told by Mr. Arnold that he could take care of his family without the assistance of anybody. Appellant's version of the transaction was largely supported by the testimony of Mr. Rogers, a deputy sheriff, who accompanied Mr. and Mrs. Arnold to appellant's house. The children were taken by the mother to Irian where she and Mr. Arnold were living at the time. In July or August, 1941, they moved to San Patricio County. Mr. Arnold was not able to secure steady employment. The mother testified that she wrote appellant advising him that she was in need of aid for the care of the children, but had no reply. In August, 1941, Mrs. Arnold consulted Mr. Burney, the Assistant District Attorney at Corpus Christi, regarding appellant's failure to support the children, and he wrote the following letter to appellant.

"Dear Sir:
"Your ex-wife, Mrs. H. G. Arnold, was by this office today conferring with us with reference to a criminal prosecution against you for failure to support your three minor children.

"You are no doubt aware of the gravity of your neglect of these children and will, I am sure, want to make arrangements for their support without the necessity of this action.

"At my request Mrs. Arnold is holding up this proceeding for a period of seven days to enable you to make some arrangements with us for the care of these children. We know you will understand.

"Very truly yours,

"(Signed) CECIL E. BURNEY."

Mrs. Arnold testified that a reply to this letter came from appellant's attorney stating that she made a habit of running around to district attorneys and have them write letters to appellant. She asserted that was the first and only time she had ever mentioned it to an attorney from the time the divorce was secured.

The evidence shows that appellant had steady employment at a good salary, and no question is raised as to his ability to contribute to the support of the children.

The children were taken by the mother from appellant on April 22, 1940. The indictment was returned on March 24, 1942. The court instructed the jury if they believed that between those dates appellant offered to provide for the support of the children,

and that the mother refused to accept the offer, or if they had a reasonable doubt thereof, to acquit appellant.

This was the apparent defense presented by appellant, and the jury found against him on the issue.

We discover nothing in the evidence which warrants us in disturbing the verdict.

The judgment is affirmed.